(No. 1251—)

STANDARD OIL COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1929.*

BARR & BARR AND F. E. PACKARD, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a claim brought to recover the sum of Eight Thousand Two Hundred and Twenty-five ($8,225.53)—53/100—

Dollars, alleged to be collected by the Secretary of State, Louis L. Emmerson, erroneously during a period beginning Dec. 28th, 1922, and ending June 30th, 1923, on account of franchise taxes.

It is contended and it appears to the court that the said payment was made voluntarily and that no protest was made. Therefore it is assumed that the claimant believed that said collection was made within the law.

It is the opinion of the court that this case is controlled by the opinion of this court in the case of *George P. Ide & Co., Inc.,* v. *The State of Illinois,* No. 1215 which was decided by this court on Oct. 24th, 1928.

In the Ide decision it was held that a claimant had a remedy in the courts of general jurisdiction and from all the facts as shown by the records of the case, both the claimant and the defendant The State of Illinois, must have believed the said collection reasonable and within the law at the time the collection was made, otherwise protest would have been made and claimant would resort to its rights in the courts of general jurisdiction. Therefore this court is of the opinion that if claimant failed to follow its legal remedy as indicated in the Ide case, and consequently cannot come into this court for redress.

If an appropriate action was brought by claimant in a court of general jurisdiction, the rights of the parties would have been adjudicated. The very fact of claimant failing to pursue their remedy in courts of general jurisdiction, would indicate that the Secretary of State was within his authority in making such collection in so far as the viewpoint of the claimant was concerned. In fact it would appear that claimant rested on the verdict of the Secretary of State and by so doing it is assumed that the Secretary of State was within his rights in making the collection complained of, and it is the opinion of this court that subsequent decisions of courts of general jurisdiction, or changes in statutory requirements should not open the gates of this court to a claimant who failed to follow his remedy at law. The Secretary of State acted according to his best judgment and the failure of claimant to pursue his legal remedy would appear to the court as an admission that they believed the Secretary of State to be right at the time the collection of the franchise tax was exacted.

For the reasons above mentioned and the position of the court in the Ide case above cited, this claim is denied.

It is therefore recommended by this court that this claim be disallowed.